UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| DAVID B. STRIETELMEIER,<br>  Plaintiff,<br><br>  v.<br><br>NANCY A. BERRYHILL,[1] Acting<br>Commissioner of the Social Security<br> Administration,<br>  Defendant. | CAUSE NO.: 2:16-CV-89 |

## OPINION AND ORDER

This matter is before the Court on a Complaint [DE 1], filed by Plaintiff David B. Strietelmeier on March 11, 2016, and Plaintiff's Brief in Support of Reversing the Decision of Commissioner of Social Security [DE 22], filed by Plaintiff on October 26, 2016. Plaintiff requests that the August 7, 2015, partially favorable decision of the Social Security Administration be reversed or, alternatively, remanded for further proceedings. On January 31, 2017, the Commissioner filed a response, and on February 15, 2017, Plaintiff filed a reply. For the reasons set forth below, the Court denies Plaintiff's request.

**I. Procedural Background**

Plaintiff has filed two applications for disability insurance benefits ("DIB") under Title XVI of the Social Security Act (the "Act"); both are relevant to the instant Motion. He filed his first application on March 17, 2008, alleging that he had been disabled since April 15, 2004. That application was denied initially and at reconsideration, then was again denied by an Administrative Law Judge in an opinion dated September 17, 2010 (the "2010 Denial"). Plaintiff appealed to the

---

[1] Nancy A. Berryhill is substituted for her predecessor, Carolyn Colvin, pursuant to Federal Rule of Civil Procedure 25(d).

Social Security Appeals Council. When the Appeals Council denied review, the 2010 Denial became the final decision of the Commissioner. Plaintiff did not timely appeal that decision.

On December 12, 2013, Plaintiff filed his second application for DIB, again alleging that he had been disabled since April 15, 2004, due to a back injury, back surgery, permanent nerve damage, depression, and anxiety. The second application was also denied initially and upon reconsideration, at which point Plaintiff requested a hearing before Administrative Law Judge Kimberly Cromer (the "ALJ").

On May 20, 2015, Plaintiff also filed an application for Supplemental Security Income ("SSI") benefits under Title II of the Act; that application was expedited and eventually added to Plaintiff's pending file. At a hearing on June 16, 2015, the ALJ heard argument from Plaintiff's lawyer and testimony from a medical expert and a vocational expert. On August 7, 2015, the ALJ entered a decision finding that Plaintiff was eligible for SSI benefits as of May 20, 2015, the date of his SSI application. However, the ALJ found him ineligible for DIB based on the principle of administrative *res judicata*. The Appeals Council denied Plaintiff's request for review, and the ALJ's August 7, 2015 decision became the final decision of the Commissioner, reviewable by the District Court. *See* 20 C.F.R. §§ 404.984(a), 416.1484(a). Under 42 U.S.C. § 405(g), Plaintiff initiated this civil action for judicial review of the Commissioner's final decision.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c) and 42 U.S.C. § 405(g).

## II. Facts

### A. Background

Plaintiff was employed as a warehouse worker until he injured his back at work in 2004. He endured two lumbar surgeries, including a spinal fusion in September 2005, and continues to suffer pain and other symptoms. He has also developed cardiomyopathy with congestive heart failure. Neither party contests the fact that Plaintiff is now disabled. Instead, Plaintiff appeals on the narrow legal question of whether the ALJ improperly foreclosed consideration of his eligibility for DIB based on the Administration's final decision on his earlier application.

### B. The 2010 Denial

Plaintiff last met the insured status requirement for DIB eligibility on December 31, 2009. In the 2010 Denial, the first administrative law judge found that Plaintiff was not under a disability as defined by the Act from his alleged onset date of April 15, 2004 through his date last insured of December 31, 2009. Therefore, Plaintiff did not qualify for DIB.

### C. The 2015 Hearing

At Plaintiff's hearing before the ALJ on June 16, 2015, Plaintiff's attorney requested that the ALJ reopen Plaintiff's prior DIB application based on new and material evidence. While the ALJ was at that point unaware of Plaintiff's pending SSI application, Plaintiff's attorney argued that the ALJ should consider Plaintiff's eligibility for both DIB and SSI. The ALJ permitted Plaintiff's attorney 14 days to brief the issue of reopening his first DIB application, but she warned, "Otherwise, we're going to be looking at the date after the [earlier] decision which will be September 18, 2010, on *res judicata* [grounds]." AR 24.

The ALJ heard testimony from medical expert Dr. Judy Panek. Dr. Panek described Plaintiff's medical history, including back surgeries in 2004 and 2005, a diagnosis of failed back surgery syndrome in 2008, and diagnoses of cardiomyopathy and congestive heart failure in 2014. Based on her review of his medical file, she opined that Plaintiff's impairments met or equaled Listing 1.04, Disorders of the Spine. The ALJ then requested that Dr. Panek consider Plaintiff's condition as of 2008, and also as of his alleged onset of disability in April 2004. Dr. Panek opined that Plaintiff's impairments met listings-level severity starting in December 2013, and for a closed period from April 4, 2004 through May 30, 2006. Upon further questioning from Plaintiff's counsel, Dr. Panek amended her testimony and opined that Plaintiff met or equaled the Listing for Disorders of the Spine starting at the earlier date of May 20, 2008, in addition to the period from April 2004 through May 2006. Counsel then requested that the ALJ amend the onset date to May 20, 2008 and consider reopening the prior decision based on new and material evidence in the form of Dr. Panek's testimony. The ALJ reiterated that she was reserving ruling on that issue, and allowed counsel fourteen days to submit evidence and argument.

D.   The ALJ's Decision

In her August 7, 2015, opinion, the ALJ dismissed Plaintiff's November 12, 2013, application for DIB based on *res judicata.* Under the principle of administrative *res judicata,* when a prior Social Security determination with respect to the same party, facts, and issues has become final, the Administration may refuse to consider those issues in subsequent applications. The ALJ reasoned that the 2010 Denial, which found that Plaintiff had not become disabled during his insured period, was a final decision of the Commissioner. The ALJ found that no "new and material evidence" had been presented to justify reopening that decision, because Dr. Panek's hearing

4

testimony was just "a different interpretation of the evidence that was available at the time of the prior hearing." AR 139. After declining to reopen Plaintiff's DIB claim, she turned her attention to his condition starting on May 20, 2015, the date of Plaintiff's application for SSI, to determine his eligibility for SSI benefits.

The ALJ found that, since May 20, 2015, Plaintiff had not engaged in substantial gainful activity and had suffered from several severe impairments, including impairments that medically equaled the criteria of Listing 1.04. Therefore, she found that Plaintiff had been disabled since May 20, 2015.

**III. Analysis**

Plaintiff's chief argument is that the Commissioner violated his due process rights in not notifying him before the hearing that the doctrine of *res judicata* might be applied to bar his DIB claim. He also argues that the ALJ should have reopened his prior determination because the hearing testimony of Dr. Panek constituted new and material evidence that should result in reversal or reconsideration of the 2010 Denial. The Commissioner responds that Plaintiff's DIB claim is now barred because Plaintiff's DIB eligibility status was already adjudicated in a determination that has become administratively final, and because he failed to petition for reopening of that determination within the time period provided for in the regulations.

Plaintiff's argument about reopening the 2010 Denial is a non-starter. A Social Security determination of benefits may be reopened within twelve months of the date of the notice of the initial determination for any reason; within four years for "good cause," as defined in the regulations; or at any time in some limited circumstances that the parties acknowledge do not apply here. 20 C.F.R. § 404.988. "Good cause" to reopen within four years can include the submission of

5

new and material evidence. 20 C.F.R. § 404.989(a). However, a decision not to reopen a prior final determination denying Social Security benefits is not subject to judicial review, unless a colorable constitutional claim is at issue. *Califano v. Sanders,* 430 U.S. 99, 107-108 (1977); *Campbell v. Shalala* 988 F.2d 741, 745 (7th Cir. 1993). Accordingly, Plaintiff's argument fails for two reasons. First, as the Commissioner notes in her response, Plaintiff made no request to reopen the matter within the four year window provided for in the regulations. Plaintiff's first application for benefits was initially denied in May 2008. He neither appealed to the district court nor petitioned for a reopening of his claim to consider new and material evidence. Instead, he submitted a new application for benefits in November 2013, more than five years after his prior claim's initial denial. By that point, the ALJ lacked the authority to reopen the prior determination. More saliently, even if Plaintiff had timely petitioned for reopening, the Commissioner's refusal to reopen a final determination does not fall within the jurisdiction of this Court, absent a constitutional claim. *Califano*, 430 U.S. at 108.

Judicial review is only available in a narrow subset of refusals to reopen that also implicate Constitutional rights. Plaintiff claims a failure of due process: he argues that the Commissioner violated his right to due process when it failed to mention in the notice it sent prior to his hearing that *res judicata* was a potential bar to his claim. The Commissioner responds that the Plaintiff has not, in his assertions of lack of notice, established the existence of a colorable constitutional claim that would confer jurisdiction on the Court.

Plaintiff contends that the Commissioner deprived him of the "meaningful notice and opportunity to be heard" essential to due process. He finds fault in particular with the Notice of Hearing, a document intended to communicate the issues that would be addressed at his 2015

hearing. It is true that the Notice of Hearing indicated that the ALJ would follow the usual sequential process to adjudicate his claim, that an attachment to the Notice indicated that Dr. Panek would testify about Plaintiff's medical condition prior to December 31, 2009, and that neither of those documents mentioned that the doctrine of *res judicata* would prevent reconsideration of issues already decided in his previous claim. Under 20 C.F.R. § 404.957(c)(1), "An administrative law judge **may** dismiss a request for a hearing when. . .[t]he doctrine of res judicata applies in that [the Administration has] made a previous determination . . . on the same facts and on the same issue [and the] decision has become final" (emphasis added). Although the ALJ could have simply dismissed Plaintiff's request for a hearing, instead of sending documents that indicated she would consider his medical condition during his insured period, she was under no obligation to do so.

Plaintiff's insistence that the hearing notice contained "no hint of any issue with *res judicata*" suggests that he was somehow surprised by the turn of the events at the hearing and had no opportunity to prepare for or be meaningfully heard on the matter. But Plaintiff had received notice of the effect of claim preclusion in the 2010 Denial, which explained his right to appeal then stated that the decision could "be used to deny a new application for benefits if the facts and issues are the same." AR 96. Moreover, the attorney who represented Plaintiff at the hearing demonstrated an awareness that the doctrine of *res judicata* barred his client's DIB claim when he opened the hearing by announcing, "We're asking for reopening on new and material evidence and I'll explain that in my opening statement." AR 20. It is clear that Plaintiff was aware of and had time to prepare for the potential question of claim preclusion.

Plaintiff also contends that, in its communications to Plaintiff, the Administration violated its Hearing, Appeals, and Litigation Manual (the "HALLEX"), an internal policy manual.

7

However, deviations from the HALLEX do not implicate due process. *Davenport v. Astrue,* 417 Fed. App'x. 544, 547-548 (7th Cir. 2011) ("Circuits are split over whether the HALLEX creates enforceable rights. But no circuit has held that the HALLEX creates *constitutional* rights." (citations omitted)).

"The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful matter'"; it is "not a technical conception with fixed content unrelated to time, place, and circumstances." *Mathews v. Eldridge,* 424 U.S. 319, 333-334 (1976). Plaintiff was afforded opportunity to be heard on his DIB claim at the hearing on his first application, which took place in 2010. The ALJ at Plaintiff's second hearing also afforded him a full opportunity to be heard on the *res judicata* issue when she gave counsel an opportunity to submit any additional argument or evidence in his client's favor. The record contains no evidence that Plaintiff submitted anything to the ALJ following the hearing. In other words, when given an opportunity to be heard, Plaintiff was silent on the very issue he now attempts to bring before this Court. Plaintiff's current attempt to characterize the course of proceedings as a denial of due process, and thus to shoehorn a constitutional claim into the Administration's otherwise unreviewable refusal to reopen a prior determination, is unavailing. Accordingly, the Court finds that Plaintiff was afforded due process. He has therefore asserted no colorable Constitutional claim that would confer on this Court jurisdiction over the Commissioner's refusal to reopen his DIB denial.

**IV.     Conclusion**

For the foregoing reasons, the Court hereby **DENIES** the relief requested in Plaintiff's Brief in Support of Reversing the Decision of Commissioner of Social Security [DE 22] and

**AFFIRMS** the Commissioner of Social Security's final decision.

SO ORDERED this 25th day of September, 2017.

s/ John E. Martin<br>
MAGISTRATE JUDGE JOHN E. MARTIN<br>
UNITED STATES DISTRICT COURT

cc: All counsel of record